UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW HILL #197103,

    Plaintiff,

                                                       Civil Action No. 2:08-cv-12472

vs.                                           DISTRICT JUDGE ANNA DIGGS TAYLOR
                                                 MAGISTRATE JUDGE STEVEN D. PEPE

PATRICIA CARUSO, *et al.*,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL (DKT. #39)**

       This is a *pro se* prisoner civil rights action, filed on June 10, 2008, by Michigan Department of Corrections ("MDOC") inmate Andrew Hill. Plaintiff who is currently confined at the Mid-Michigan Correctional Facility in St. Louis, Michigan, asserts violations of his Fourth, Fifth, Eighth and Fourteenth Amendment rights based on averments of a series of events at the Pine River Correctional Facility ("SPR") between November 11, 2007, and April 22, 2008. The Defendants are: (1) MDOC Director Patricia Caruso; (2) Grievance and Appeals Section Administrator James Armstrong; (3) SPR Warden Percy Conerly (4) Deputy Warden Erick Balcarcel; (5) Inspector Patrick Merry; (6) Records Office Supervisor Susan Sprague; (7) State Office of Administrative Hearings and Rules Administrative Law Examiner Wayne Groat; (8) Hearings Investigator Joel Parks; (9) Capt. Perry Harkness; (10) Lt. David Jerome; (11) Lt. Danny Rice; (12) Assistant Resident Unit Supervisor Michael Deseco; (13) Food Service Leader Theresa Hyde; (14) Food Service Leader Lyle Gillespie, (15) Corrections Officer Thomas Jones; (16) Resident Unit Officer David May; (17) Corrections Officer Raul Martinez; (18) Corrections

Officer Mark Loomis; and, (19) R.N. Manager Denise Kennedy.

On October 20, 2008, Plaintiff moved to have this Court appoint him counsel (Dkt. #39). All pre-trial proceedings have been referred in accordance with the authority conferred in 28 U.S.C. §636(b) (Dkt. #8). For the reasons indicated below, Plaintiff's motion is **DENIED**.

Plaintiff seeks to have this Court appoint an attorney to assist him with his case. There is no constitutional right to counsel for an individual to seek civil relief even though it involves an underlying criminal matter. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). Based on several considerations, Plaintiff's request is denied.

Plaintiff's complaint alleges that between November 11, 2007, and April 22, 2008, false information was included in a Program Classification Report; he was unjustly charged with and convicted of misconduct charges; his cell was searched and UCC material and a typewriter were confiscated as contraband; a lieutenant assaulted him by closing an office door while he had his arm in the doorway; Food Service staff demeaned and humiliated him; he was moved to a different housing unit; and his mail was tampered with. The factual issues raised by Plaintiff are

clear and straightforward. Plaintiff has demonstrated in his Complaint and subsequent filings that he understands the legal issues and can present these issues to a Court in a satisfactory manner. Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment. Their services must be carefully rationed to the most appropriate cases. Plaintiff may renew his motion after the anticipated dispositive motions on behalf of numerous Defendants have been resolved.

Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: November 25, 2008                       s/Steven D. Pepe
Ann Arbor, Michigan                        United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 25, 2008 .

                                       s/Jermaine Creary
                                       Deputy Clerk